TAYLOR, Presiding Judge,
dissenting.
I dissent from the majority’s remand of this case. The majority holds that the judge erred in finding that no prima facie case of gender-based discrimination was established. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The majority, reversing the trial judge’s ruling, concludes that a prima facie case of discrimination was established. I dissent because I believe that the majority fails to give the proper deference to the trial judge’s ruling.
As this court stated in Mitchell v. State, 579 So.2d 45, 50 (Ala.Cr.App.1991):
“ ‘Since the trial judge’s findings ... largely will turn on evaluation of credibility, a reviewing court ordinarily should give those findings great deference.’ Batson, 476 U.S. at 98 n. 21, 106 S.Ct. at 1724 n. 21. The trial judge ‘plays a “pivotal role” in determining whether a prima facie case has been made under Batson because he or she observes the voir dire procedure firsthand and is in a far better position than we to assess the prosecutor’s decisions’ [U.S. v.J Young-Bey, 893 F.2d [178] at 180-81 [ (8th Cir.1990) ]. An appellate court may reverse the trial court’s determination that the prosecutor’s peremptory challenges were not motivated by intentional discrimination only if that determi *1170 nation is ‘clearly erroneous’. Ex parte Branch, 526 So.2d [609] at 625 [(Ala.1987) ]. Here, this Court cannot find any clear abuse of discretion.”
(First emphasis added; second emphasis original.)
I believe that the trial judge’s ruling that no prima facie case of discrimination was established was not “clearly erroneous.” For that reason, I respectfully dissent. I believe this ease should be affirmed.